[Nos. D015838, D016970, D017772. Fourth Dist., Div. One. May 4, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY JOE WILEY, Defendant and Appellant.

**COUNSEL**

Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, Keith I. Motley and Kyle Niki Cox Shaffer, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Gary Joe Wiley appeals a judgment in which he was convicted of kidnapping for ransom (Pen. Code,[1] § 209, subd. (a)), kidnapping for robbery (§ 209, subd. (b)), possessing a firearm by a felon (§ 12021, subd. (a)), and three counts of robbery (§ 211) with five weapon enhancement allegations (D016970), a separate judgment convicting him of being a felon in possession of a firearm (§ 12021, subd. (a)) (D015838) and an order in which the court reallocated credits for time served as between the judgments in the previous cases (D017772). We have consolidated the cases in this appeal.

Wiley directs his most substantive contentions to his convictions rising from the kidnaps and robberies, arguing it was error to convict him of two kidnaps, for ransom and for robbery, when the incidents arose out of a single action and, in any event, it was error to impose concurrent sentences for both in violation of section 654 and in imposing separate firearm use enhancements under section 12022.5, subdivision (a) in violation of the holding of *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23], overruled prospectively in *People* v. *King* (1993) 5 Cal.4th 59, 79 [19 Cal.Rptr.2d 233, 851 P.2d 27]. For the reasons which follow, we conclude it was proper to convict Wiley of both kidnapping for robbery and kidnapping for ransom

---

[1]All statutory references are to the Penal Code unless otherwise specified.

in a transaction involving a single victim, but that section 654 precludes imposing multiple sentences where those crimes were directed toward a single goal. Accordingly, sentencing on one kidnap and its enhancement must be stayed.

Wiley's remaining arguments criticize various restitution and custody credit orders and attack the court's imposing both a one-year enhancement (§ 667.5) imposed for a prior prison term, served concurrently with that of a conviction for a different serious felony charged and tried in the same proceeding, for which the court imposed a separate five-year enhancement (§ 667). We conclude neither the enhancement statutes, nor the holding of *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163], preclude the imposition of dual enhancements under these facts. We reject his remaining sentencing contentions.

# I

During one of Wiley's many crime sprees, he committed several robberies at automated teller machines (ATM's). While attempting to rob Kevin Crouder who was utilizing an ATM in El Cajon, the plan went array when the machine failed to dispense any money. To avoid detection by other persons who arrived on the scene, Wiley forced Crouder into Crouder's vehicle and drove forward approximately 100 feet. He then forced Crouder at gunpoint to drive through the drive up ATM again. When he did so, the ATM refused to dispense any money or to disgorge Crouder's ATM card. In fear that Wiley would carry out his threat to shoot him, Crouder agreed to call his wife so she could bring $300, the amount Wiley demanded. In response to Crouder's call to his wife's workplace, she drove to an ATM only to find her card had expired. When she drove to the location where Wiley and Crouder waited, she was advised her husband would be held until she drove to her Alpine home to retrieve her current ATM card and obtain the money for his release. She departed and Crouder and Wiley then drove from El Cajon to Alpine to meet her and make the exchange. Crouder was rescued by sheriff's deputies who had been alerted.

■ For this caper, Wiley was convicted of kidnapping for robbery for the activities occurring in El Cajon culminating with Crouder's final inability to obtain money from the ATM, and of kidnapping for ransom because Wiley detained Crouder at gunpoint while attempting to extort money for his release. Wiley contends this was an impermissible division of a single crime into multiple offenses, citing *People* v. *Bright* (1991) 227 Cal.App.3d 105, 109 [277 Cal.Rptr. 612], and numerous other authorities. He is incorrect. Kidnapping for robbery and kidnapping for ransom involve different

elements and different statutes. (Compare § 209, subd. (a) with § 209, subd. (b).) Section 954 permits multiple convictions where two or more different offenses are committed together in their commission. Here, the kidnapping for robbery terminated before the detention for extortion began. Although the commission of these offenses occurred during the same general transaction, section 954 expressly permits multiple convictions. ■ On the other hand, both offenses were incident to one objective, obtaining Crouder's money illegally. The California Supreme Court has recently reaffirmed the doctrine of *Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], which interprets section 654 as permitting punishment for only one of multiple offenses which are incident to a single objective as determined by the intent and objective of the actor. (See *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1208 [23 Cal.Rptr.2d 144, 858 P.2d 611].) Thus, the court erred in imposing concurrent determinate life terms on both count one and count two in case No. CR127397, each with concurrent five-year firearm-use enhancements. Accordingly, the court is directed to stay the term imposed on count two and its enhancement pursuant to section 654 on remand.

## II

Wiley contends the court erred in various ways when imposing restitution fines on the various combined sentences. At the time Wiley was sentenced in case No. CR127397, arising out of the multiple robberies and kidnaps, the court also had to resentence Wiley in case No. ECR4446, in which he had earlier received and was serving a three-year term. The court used the previous judgment as a subordinate term and imposed the middle term of eight months. However, the court also had previously imposed a restitution order of $200. When articulating the previous judgment as a subordinate term in case No. CR127397, the court ordered a restitution fine of $500, an order the People concede was in excess of the court's jurisdiction since it had no power to increase the restitution fine imposed as part of the sentence by the earlier court. However, the abstract of judgment does not reflect any restitution fine attributable to the previous case, case No. ECR4446. Thus, Wiley has not been harmed by this error.

On the other hand, the court ordered a $500 restitution fine pursuant to Government Code section 13967 in connection with the sentences imposed in case No. CR127397, to be paid forthwith or from his prison wages pursuant to section 2085.5. In addition, the court ordered a $45 restitution fine paid to robbery victim Adam Krachman and $1,350 direct restitution to Crouder. Although the court orally ordered these direct restitutions to also be paid out of prison wages pursuant to section 2085.5, that direction is not

included in the abstract of judgment. The People concede section 2085.5 does not apply to direct restitution to a victim. (*People* v. *Nystrom* (1992) 7 Cal.App.4th 1177, 1183 [10 Cal.Rptr.2d 94].) However, because the court's oral error was not transcribed in the abstract of judgment, Wiley suffers no harm. However, the abstract of judgment is incomplete in that it does not include the $1,350 direct restitution fine payable to Crouder. The abstract of judgment must be modified to reflect that order.

## III

Wiley was charged with and found to have suffered three prison priors (§ 667.5, subd (b)) and two serious felony priors (§ 667) alleged to have been "separately brought and tried" (§ 667, subd. (a)). One prison prior was based upon a burglary of an inhabited dwelling, for which he was convicted on a plea of guilty to a multiple count information (CR71558) on February 8, 1985. Wiley received and served a single prison term for the three first degree burglaries charged in the information in case No. CR71558. This prison prior was referred to in the information as the burglary charged in count one of that information. The court imposed a one-year enhancement for that prison prior. In addition, the court imposed a single five-year serious felony enhancement for Wiley's conviction of counts three and five[2] of that same information, each of which, like Wiley's conviction in count one, was for burglarizing an inhabited dwelling.

At sentencing, the probation officer recommended the prior prison term enhancement based on case No. CR71558 be stayed based on case law which held section 654 prohibited multiple enhancements where the prior prison term and the serious felony prior enhancements were based on the same conviction. At sentencing, the court noted there was a split in case law at that time and elected to impose both enhancements as approved in *People* v. *Medina* (1988) 206 Cal.App.3d 986, 992 [254 Cal.Rptr. 89]. Our Supreme Court has recently concluded only the greatest of these two enhancements may be imposed on a single serious felony conviction resulting in a prison term. (See *People* v. *Jones*, *supra*, 5 Cal.4th at p. 1152.) Wiley urges the rationale in *Jones* precludes the imposition of a prison prior enhancement for a term served when a serious felony enhancement is imposed for a conviction of a separate crime where the two convictions resulted from a joint trial. Nothing in *Jones* supports Wiley's view, and that decision does not address *Medina* or analogous facts. We find the logic of *Medina* compelling and conclude the court did not err in imposing these enhancements.

[2]The court's reference to imposing the single five-year enhancement for both serious felony priors (count three and count five) is unexplained. However, Wiley does not complain and it seems harmless.

## IV

During the combined sentencing on June 4, 1992, Wiley was awarded 637 days' time-served credits for case No. CR127397 and 240 days' credit against the subordinate 8-month term for case No. ECR4446. In a later hearing, the trial court reallocated the credits in awarding a total of 872 days for case No. ECR4446 and 0 days for case No. CR127397. Wiley claims that because his ultimate sentence term for case No. ECR4446 was only 8 months for 240 days, it is unfair to deny him custody and conduct credits for the 257 days' actual custody between September 20, 1991, and June 4, 1992, in which he was jailed and awaiting trial for the crimes charged in case No. CR127397. Thus, he contends the court erred in denying him 257 actual custody credits plus 129 days of conduct credit.

The superior court was faced with a convoluted fact situation regarding credits. From August 16, 1990, through August 18, 1990, Wiley was jailed pending prosecution in case No. ECR4446. After three days he was released. He was rearrested on parole revocation for the activity underlying case No. ECR4446 and served 309 days from September 11, 1990, through July 16, 1991. From July 16, 1991, through July 21, 1991, he served 11 days waiting prosecution in case No. ECR4446. From September 20, 1991, through November 6, 1991, Wiley was in custody on both case No. ECR4446 for which he was sentenced to three years imprisonment on November 6, 1991, and while awaiting prosecution, trial, and sentence on the offenses charged in case No. CR127397. Between September 20, 1991, and June 4, 1992, Wiley's custody was never attributable solely to charges contained in the information in case No. CR127397.

In *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789], the Supreme Court concluded "[s]ection 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (*Id.* at p. 156.) In *In re Joyner* (1989) 48 Cal.3d 487 [256 Cal.Rptr. 785, 769 P.2d 967], the Supreme Court held that section 2900.5 has not been shown to have been intended to maximize the concurrency of terms imposed. Although *Joyner* involved a California term imposed concurrent to ones imposed by courts of other states, it clearly holds that a defendant may not receive credit for time spent in jail awaiting disposition of criminal proceedings during the period a defendant is also serving a prison sentence on another conviction. (48 Cal.3d at p. 492.)

After Wiley's November 6, 1991, sentence in case No. ECR4446, he was serving a prison term for that conviction and not entitled to dual credits in case No. CR127397. Between September 20, 1991, and November 6, 1991,

Wiley does not demonstrate he could have obtained a release from jail by posting bail or otherwise in case No. ECR4446. Like the petitioner in *Joyner*, Wiley has failed to demonstrate his presentence custody within the meaning of section 2900.5 was attributable to anything other than case No. ECR4446. That in retrospect Wiley accumulated custody credits in excess of those which directly reduce his term in case No. ECR4446 is not a reason to permit him to benefit under section 2900.5 for terms imposed for offenses charged in case No. CR127397.

The judgment in case No. ECR4446 is affirmed. The judgment in case No. CR127397 is modified by staying the concurrent sentence and enhancement imposed for the kidnap charged in count two. The superior court is directed to modify the abstract of judgment in accordance with this opinion and to further modify to include the $1,350 victim restitution ordered paid to Crouder. As modified, the judgment in case No. CR127397 is affirmed.[3] Finally, the reallocation credit order is affirmed.

Kremer, P. J., and Todd, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 11, 1994. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

[3]Because we stay the concurrent sentence and enhancement imposed for the kidnap charged in count two in case No. CR127397, we need not address Wiley's contention it was error to impose separate firearm-use enhancements under section 12022.5, subdivision (a).