Opinion
 

 PUGLIA, P. J.
 

 In this appeal, we hold the crime of carjacking (Pen. Code, § 215) is a necessarily lesser included offense within the crime of kidnapping to facilitate carjacking. (Pen. Code, § 209.5.) Since defendant was convicted of both crimes, we shall reverse the conviction for carjacking.
 

 A jury convicted defendant of carjacking (Pen. Code, § 215—count 1 [hereafter all statutory references to sections of an undesignated code are to the Penal Code]), second degree robbery (§ 211—count II), and kidnapping to facilitate carjacking (§ 209.5—count III). As to each offense, the jury found defendant was armed with a firearm. (§ 12022, subd. (a).)
 

 The court imposed a term of life imprisonment for kidnapping with a consecutive one year term for the armed enhancement, the middle term of five years for carjacking to run concurrently with the life term imposed for kidnapping, and the middle term of three years for robbery plus one year for the armed enhancement. The robbery term and accompanying armed enhancement were stayed pursuant to section 654 as was the armed enhancement annexed to the carjacking conviction.
 

 On appeal, defendant contends (1) the conviction for carjacking must be reversed because the offense is necessarily lesser included in kidnapping for the purpose of carjacking, (2) the prosecutor invidiously discriminated in exercising peremptory challenges to prospective jurors; (3) the court erred in admitting defendant’s confession, and (4) the court abused its discretion in committing defendant to prison rather than to the Youth Authority.
 

 We deal with defendant’s first contention, with which we agree, in the published part of this opinion. In the unpublished part of this opinion we reject defendant’s remaining contentions. Accordingly, we shall reverse the conviction for carjacking and otherwise affirm.
 
 [1]
 

 At approximately 11:30 p.m. Paula Lassanske was walking to her car when defendant’s brother, Joseph Contreras, placed a gun to her back and
 
 *763
 
 ordered her into her car.
 
 [2]
 
 Frightened and crying, Lassanske got into the car. Joseph and defendant got into the backseat. Joseph ordered Lassanske to drive and issued directions where to go. During the drive Joseph cocked and uncocked the gun several times while he held it to Lassanske’s head. Defendant took Lassanske’s watch, her rings and earrings, her necklace and a bracelet, her day planner, and $200.
 

 After a while, Joseph ordered Lassanske to teach defendant to drive the car, which had a manual transmission. While defendant drove, Joseph physically held Lassanske and kept the gun at her head. Defendant drove to a rural area and stopped. Joseph ordered Lassanske out of the car, told defendant to remain in the car no matter what happened, and forced Lassanske into a field. There he ordered her to remove her clothing and lie on her back. Terrified, Lassanske complied. Joseph gathered her clothing and left. Lassanske lay in the field for about 10 minutes, crying, and then ran to a home where she obtained help.
 

 Lassanske’s car was found the next morning. Joseph’s fingerprints were on the car’s exterior. Lassanske’s day planner was found in a postal collection box two days after the kidnapping. Defendant’s fingerprints were on Lassanske’s day planner.
 

 Five days later, defendant made a full confession to the crimes to Detective Matthew Foster.
 

 I
 

 Defendant contends reversal of the carjacking conviction is required because that offense is necessarily included in the offense of kidnapping as defined in section 209.5, i.e., during the commission of, and in order to facilitate, a carjacking. Defendant claims it is not possible to commit a violation of section 209.5 without also committing the offense of carjacking. This is so, defendant argues, because the phrase, “during the commission of a carjacking,” implies a completed carjacking.
 

 Section 215 provides in relevant part: “(a) ‘Carjacking’ is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or
 
 *764
 
 fear.” Carjacking is punishable by imprisonment in the state prison for three, five, or nine years. (§ 215, subd. (b).)
 

 Section 209.5 provides in relevant part: “(a) Any person who, during the commission of a carjacking and in order to facilitate the commission of the carjacking, kidnaps another person who is not a principal in the commission of the carjacking shall be punished by imprisonment in the state prison for life with the possibility of parole.”
 

 “[Ejvery word and phrase employed [in a statute] is presumed to be intended to have meaning and perform a useful function . . . [and] a construction rendering some words in the statute useless or redundant is to be avoided.”
 
 (Playboy Enterprises, Inc.
 
 v.
 
 Superior Court
 
 (1984) 154 Cal.App.3d 14, 20-21 [201 Cal.Rptr. 207].)
 

 Subdivision (a)(17) of section 190.2, which sets forth special circumstances for imposition of the death penalty or life without possibility of parole, provides for either of these penalties where “The murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit ...” a series of specified felonies, which includes robbery and carjacking.
 
 [3]
 

 The phrases “in ... the commission” and “attempted commission,” as used in section 190.2, subdivision (a)(17), must each be given distinct meanings if at all possible. And there is a distinct difference between them. “Attempted commission” refers to acts which have gone far enough to constitute an attempt but not far enough to complete the offense; “in ... the commission” must, therefore, refer to a completed offense.
 

 “Generally, identical words in different parts of the same act or in different statutes relating to the same subject matter are construed as having the same meaning.”
 
 (Chandis Securities Co.
 
 v.
 
 City of Dana Point
 
 (1996) 52 Cal.App.4th 475, 486 [60 Cal.Rptr.2d 481].) The Legislature must have meant the phrase, “during the commission,” as used in section 209.5 to have the same meaning as “in ... the commission” as used in section 190.2, to wit, to refer to a completed offense. In fact, there is no semantic difference between the two phrases.
 

 Relying on
 
 People
 
 v.
 
 Bradley
 
 (1993) 15 Cal.App.4th 1144 [19 Cal.Rptr.2d 276],
 
 People
 
 v.
 
 Wiley
 
 (1994) 25 Cal.App.4th 159 [30 Cal.Rptr.2d 701], and
 
 *765
 

 People
 
 v.
 
 Ordonez
 
 (1991) 226 Cal.App.3d 1207 [277 Cal.Rptr. 382], the People argue a violation of section 209.5 can be accomplished without also violating section 215.
 

 Bradley
 
 involved a violation of sections 207 and 208, subdivision (d)— “kidnapp[ing] with the intent to commit rape . . .” (15 Cal.App.4th at p. 1149);
 
 Wiley
 
 involved a violation of section 209, subdivision (b)—“kidnap[ping] ... to commit robbery . . .” (25 Cal.App.4th at p. 161); and
 
 Ordonez
 
 involved a violation of section 209, subdivision (a)—“kidnap[ping . . . with intent to hold or detain], or [kidnapping and] holding] or detaining a] person for ransom, reward or to commit extortion . . .” (226 Cal.App.3d pp. 1216-1217).
 

 The People point out that in each of the above cases, the convictions were upheld even though the target offense of the kidnapping was not completed. The People conclude, “For the same reason[s as set forth in the cited cases], the successful completion of carjacking is unnecessary to the crime of kidnapping to facilitate carjacking.”
 

 The argument misses the point. We are concerned with construing the phrase “during the commission.” None of the statutes involved in the cases relied upon by the People contains that phrase. Moreover had the Legislature intended a kidnapping merely with the “intent” to facilitate or the “purpose” of facilitating a carjacking to constitute a violation of section 209.5, as the People urge, it could have said so as it did in sections 208, subdivision (d) and 209, subdivisions (a) and (b).
 

 We conclude that a violation of section 209.5 “during the commission of a carjacking" requires a completed offense of carjacking. Therefore, carjacking is necessarily included in a violation of section 209.5.
 

 Where defendant is convicted of a greater and an included offense, reversal of the conviction for the included offense is required.
 
 (People
 
 v.
 
 Pearson
 
 (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) Accordingly, the carjacking conviction (§ 215) must be reversed.
 

 II-IV
 
 *
 

 The conviction of violation of section 215 is reversed. The superior court is directed to dismiss that charge and amend the abstract of judgment
 
 *766
 
 accordingly, and to forward a certified copy thereof to the Department of Corrections. In all other respects, the judgment is affirmed.
 

 Scotland, J., and Morrison J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied September 24, 1997.
 

 [1]
 

 Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III and IV.
 

 [2]
 

 Joseph Contreras was jointly charged with defendant. His trial and defendant’s were severed.
 

 [3]
 

 Carjacking (§ 215) was not a listed offense in 1994 when defendant committed these offenses. (See Stats. 1995, ch. 478. § 2 [adding § 215].)
 

 *
 

 See footnote 1,
 
 ante,
 
 page 762.