[No. B150002. Second Dist., Div. Eight. Aug. 20, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ORTIZ, Defendant and Appellant.

**COUNSEL**

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Robert F. Katz and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

RUBIN, J.—Appellant Michael Ortiz was convicted of multiple crimes following his kidnapping for carjacking of Jose Moncada. In this appeal, we clarify that the kidnapping for carjacking statute (Pen. Code, § 209.5) does not require that the movement of the victim "substantially" increase the risk of harm to the victim; it requires only that the movement create a risk of harm greater than that inherent to carjacking. As we explain, the trial court correctly instructed on this point. Accordingly, and rejecting appellant's other arguments, we affirm.[1]

### PROCEDURAL AND FACTUAL BACKGROUND

Jose Moncada was filling his car at a gas station in Lynwood after dark on November 26, 2000. When he finished, he got into his car. Appellant Michael Ortiz approached Moncada, said he had a gun, and ordered him to move over. Warning Moncada he would kill him if he looked his way or tried "to do anything," appellant got into the driver's seat and the two men drove from the gas station.

As they drove, appellant demanded Moncada's wallet. Fearing appellant would kill him if he resisted, Moncada handed it over. Appellant repeated his earlier threat, telling Moncada, "Don't do anything, otherwise, I'll kill you. . . . If I don't, my friends are right behind us and they can also kill you." The threat merited credence because Moncada had seen appellant's purported accomplice following them from the gas station.[2]

Appellant stopped the car in a dark street or alley. He told Moncada "we're going to kill you and we're going to put you in the trunk." Warning Moncada he knew where he lived, appellant cautioned him not to go to the police, promising "If you want to live, shut up. . . . If you want to die, speak." Appellant then resumed driving toward Atlantic Boulevard in Lynwood, where he stopped and deposited Moncada. As he drove away in Moncada's car, appellant reiterated "something would happen" to Moncada if he called the police.

[1]All further statutory references are to the Penal Code.

[2]Lamour Clark was charged and tried as an accomplice, but the jury acquitted him of all counts.

The People charged appellant with kidnapping for carjacking (§ 209.5, subd. (a)), carjacking (§ 215, subd. (a)), second degree robbery (§ 211), making a terrorist threat (§ 422), and dissuading a victim from reporting a crime (§ 136.1, subd. (c)(1)). The People also specially alleged appellant had served two prior prison terms for possession of controlled substances (§ 667.5, subd. (b)). Appellant pleaded not guilty and denied the special allegations.

Appellant was tried by jury, which convicted him of all counts. He admitted his prior prison terms. The court sentenced him to life in prison with the possibility of parole plus eight years and eight months. This appeal followed.

## DISCUSSION

### "Substantial" Increase in Risk of Harm

■ The court instructed the jury that one element of kidnapping for carjacking was that appellant's movement of Moncada increased the risk to Moncada beyond that inherent to carjacking. Appellant contends the court erred by not telling the jury the increase must be "substantial." In support of his contention, he relies on *People v. Rayford* (1994) 9 Cal.4th 1 [36 Cal.Rptr.2d 317, 884 P.2d 1369] (*Rayford*), and *People v. Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677] (*Daniels*). Appellant's contention, which mistakenly melds physical movement and risk of harm, overlooks changes in the law of kidnapping since *Rayford* and *Daniels*.

For simple kidnapping (§ 207), the kidnapper's physical movement of the victim must be "substantial in character"—the so-called asportation element. (*People v. Caudillo* (1978) 21 Cal.3d 562, 571 [146 Cal.Rptr. 859, 580 P.2d 274], overruled on another point by *People v. Martinez* (1999) 20 Cal.4th 225, 237, fn. 6 [83 Cal.Rptr.2d 533, 973 P.2d 512]; *People v. Stanworth* (1974) 11 Cal.3d 588, 600-601 [114 Cal.Rptr. 250, 522 P.2d 1058].) For aggravated kidnapping for ransom, robbery, or rape (§ 209), however, our Supreme Court noted in *People v. Martinez, supra,* 20 Cal.4th 225 (*Martinez*), that the asportation element encompasses not only physical movement, but also the manner of the crime's execution. "With respect to asportation, aggravated kidnapping requires movement of the victim that is not merely incidental to the commission of the underlying crime [but that also] increases the risk of harm to the victim over and above necessarily present in the underlying crime itself." (*Id.* at p. 232.)

In 1997, the Legislature added to the aggravated kidnapping statute *Rayford*'s and *Daniels*'s requirement of an "increase of risk of harm." (See

§ 209, subd. (b)(2).) As the Supreme Court in *Martinez* noted, "[the aggravated kidnapping statute] thus codifies both *Rayford* . . . and a modified version of the *People v. Daniels* . . . asportation standard." (*Martinez, supra,* 20 Cal.4th at p. 232, fn. 4.) As such, the movement of the victim in an aggravated kidnapping must increase the risk of harm beyond that inherent to the underlying crime, but "does not require that the movement 'substantially' increase the risk of harm to the victim." (*Ibid.*) When the Legislature added the risk of harm element to section 209, it tracked identical language employed four years earlier when it enacted the kidnapping for carjacking statute. (§ 209.5, subd. (b).) It follows that the Legislature intended that the risk of harm element have the same meaning in both statutes, and it follows that the *Martinez* rule applies with equal force here. Accordingly, we hold that kidnapping for carjacking (§ 209.5), like aggravated kidnapping (§ 209), does not require that the physical movement of the victim *substantially* increase the risk of harm; it is enough that commission of the offense creates a risk of harm greater than that incidental to simple carjacking. And, indeed, that is what the statute states: "This section shall only apply if the movement of the victim is beyond that merely incidental to the commission of the carjacking . . . and the movement of the victim increases the risk of harm to the victim over and above that necessarily present in the crime of carjacking itself." (§ 209.5, subd. (b).)

The trial court correctly instructed the jury on this point.

*Dismissal of Carjacking Conviction*

 Appellant was convicted of both carjacking and kidnapping for carjacking (§§ 213, subd. (a), 209.5, subd. (a).) The court sentenced him for both offenses, but stayed the carjacking sentence under section 654, which provides that the same criminal conduct, even if constituting more than one offense, may be punished only once. Appellant observes, and respondent concedes, carjacking is a necessarily included offense of kidnapping for carjacking. (*People v. Jones* (1999) 75 Cal.App.4th 616, 624-625 [89 Cal.Rptr.2d 485]; *People v. Contreras* (1997) 55 Cal.App.4th 760, 765 [64 Cal.Rptr.2d 233].) Appellant further notes, and respondent further concedes, a court must dismiss, instead of stay the sentence for, a necessarily included offense. (*People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595]; *People v. Contreras, supra,* 55 Cal.App.4th at p. 765.) The court thus erred in merely staying the carjacking sentence. Accordingly, we will correct the court's mistake by ordering dismissal of appellant's carjacking conviction.

*Threat of Force to Dissuade Victim from Reporting a Crime*

Section 136.1 criminalizes trying to dissuade a victim from reporting a crime. The offense can be either a misdemeanor or felony; if the perpetrator

tried to dissuade by using force or the threat of force, it is a felony. (§ 136.1, subd. (c).)

The People charged appellant with felony dissuasion, but the court mistakenly instructed the jury with only the misdemeanor version of the crime. The court told the jury, "In order to prove this crime, each of the following elements must be proved: (1) Jose Moncada was a victim; (2) Another person, with the specific intent to do so, attempted to prevent or dissuade Jose Moncada from making a report of such victimization to any peace officer; and (3) That person acted knowingly and maliciously." The court did not tell the jury that felony dissuasion additionally involved force or the threat of force against the victim. (See CALJIC No. 7.15.)

■ The court erred by omitting the force element. (*People v. Wims* (1995) 10 Cal.4th 293, 303 [41 Cal.Rptr.2d 241, 895 P.2d 77] [court has sua sponte duty to instruct on all elements of a crime].) ■ Such an error ordinarily requires reversal of a conviction unless the error was harmless. But, if no rational jury could have found the missing element unproven, the error is harmless beyond a reasonable doubt and the conviction stands. (*Neder v. United States* (1999) 527 U.S. 1, 19 [119 S.Ct. 1827, 1838, 144 L.Ed.2d 35]; accord, *People v. Flood* (1998) 18 Cal.4th 470, 506 [76 Cal.Rptr.2d 180, 957 P.2d 869].)

■ In convicting appellant of misdemeanor dissuasion, the jury necessarily accepted Moncada's testimony that appellant told him not to report his victimization to the police. The difference between misdemeanor and felony dissuasion—and the only element on which the court failed to instruct—is whether force or the threat of force accompanied the dissuasion. Here, the uncontradicted testimony was appellant dissuaded Moncada from going to the police by warning him, "If you want to live, shut up. . . . If you want to die, speak." Appellant repeated this warning when he dropped Moncada off, telling him "something would happen" to him if he called the police. We hold that no reasonable jury could have decided appellant uttered such statements and yet have viewed the statements, which foretold misfortune or even death if Moncada talked to the police, as not threatening force. Hence, the court's failure to instruct on the force element was harmless beyond a reasonable doubt.

*Terrorist Threat*

■ The People argued appellant made a terrorist threat when he stopped in a dark street or alley and told Moncada "we're going to kill you and we're going to put you in the trunk." Appellant contends there was insufficient

evidence to support his conviction for making a terrorist threat because there was no evidence his statement frightened Moncada. We disagree.

One element of making a terrorist threat is Moncada feared for his safety. (§ 422; *People v. Toledo* (2001) 26 Cal.4th 221, 228 [109 Cal.Rptr.2d 315, 26 P.3d 1051].) The element has both an objective and subjective component; Moncada's fear must have been reasonable, and it must have been real. (*In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1140 [105 Cal.Rptr.2d 165].) We do not doubt, and appellant does not argue otherwise, that the objective component was met, in that an average reasonable person would be fearful if a carjacker threatened to kill the person and stuff him in the trunk. Appellant notes, however, that Moncada never testified the statement put him in actual fear—the subjective component. We nevertheless conclude that the only reasonable inference from the evidence is Moncada had such fear. Appellant's threat was part of an uninterrupted series of crimes, beginning at the gas station, continuing as appellant drove along darkened streets to take Moncada to places unknown, and ending only when appellant deposited him on a street corner. The record contains no evidence that at any time during the kidnapping and carjacking the danger to Moncada diminished or his fear dissipated. It is thus unreasonable to conclude appellant's threat did not put Moncada in actual fear. Therefore, there was sufficient evidence to convict appellant of making a terrorist threat.

## DISPOSITION

Appellant's conviction for carjacking (§ 215, subd. (a)) is dismissed. In all other respects the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting dismissal of the carjacking conviction and to forward a copy to the Department of Corrections.

Cooper, P. J., and Boland, J., concurred.

A petition for a rehearing was denied September 4, 2002, and appellant's petition for review by the Supreme Court was denied November 13, 2002. Kennard, J., was of the opinion that the petition should be granted.