Filed 8/12/15  P. v. Brown CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC SEAN BROWN, JR., et al.,<br><br>    Defendants and Appellants. | B243489<br><br>(Los Angeles County<br>Super. Ct. No. YA078583) |

APPEAL from judgments of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Affirmed in part, reversed, stricken, and vacated in part, and remanded with directions as to appellants.

Law Offices of Allen G. Weinberg and Allen G. Weinberg for Defendant and Appellant Eric Sean Brown, Jr.

Donald R. Tickle for Defendant and Appellant Ray Houston.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In this case, we reject the claim of appellant Ray Houston that the trial court erred by excluding, as inadmissible hearsay, evidence of a 911 call that occurred on November 25, 2009, the date of the murder of Charles Dwain (count 11). The caller referred to a shooting and a black four-door car, and evidence was presented at trial that Hevert Zamora, a paid informant and a People's witness at trial, had a black four-door car. Houston argues if the call had been admitted into evidence, inter alia, the jury could have concluded Zamora was involved in the murder (a crime of which Houston ultimately was acquitted) and the call would have undermined Zamora's credibility to the extent Zamora testified concerning a November 30, 2009 conspiracy to murder rival gang members (count 1). We conclude the trial court did not err by excluding evidence of the 911 call on the ground it was inadmissible hearsay to which the Evidence Code section 1240 spontaneous statement hearsay exception was inapplicable.

We agree with Houston he could not be convicted of assault with a firearm upon Deputy Perez (count 5) and Deputy Sakabu (count 7), because those offenses were lesser included offenses of assault with a semiautomatic firearm upon Perez (count 4) and upon Sakabu (count 6), respectively. We also agree the Penal Code section 12022.53, subdivision (b) enhancement imposed on count 1 as to Houston must be stricken. Accordingly, we reverse Houston's convictions on counts 5 and 7, dismiss those two counts, strike the section 12022.53, subdivision (b) enhancement on count 1, and remand for resentencing. In supplemental briefs, Houston claims his sentences on counts 1, 2 and 8 were erroneous in various respects. We agree, correct errors on those counts, and remand. He also claims the trial court made numerous sentencing errors and he is entitled to additional custody credit. We will remand to permit the trial court to address these issues.

Appellant Eric Sean Brown, Jr., makes the same claim concerning his convictions on counts 5 and 7 as does Houston, and Brown's claim is meritorious. We also agree with Brown the Penal Code section 12022.53, subdivision (c) enhancement imposed on him as to count 1 must be stricken. Accordingly, we reverse Brown's convictions on

counts 5 and 7, dismiss those two counts, strike the section 12022.53, subdivision (c) enhancement as to count 1, and remand for resentencing. Finally, Brown claims he is entitled to custody credit. We will remand to permit the trial court to address that issue.

Brown appeals from the judgment entered following his conviction by jury on count 1 – conspiracy to murder, two counts of attempted willful, deliberate, and premeditated murder of a peace officer (counts 2 & 3), two counts of assault with a semiautomatic firearm upon a peace officer (counts 4 & 6), two counts of assault with a firearm (counts 5 & 7), on count 9 – possession of a firearm by a felon, and on count 11 - first degree willful, deliberate, and premeditated murder, with findings as to each above count Brown committed the offense for the benefit of a criminal street gang, findings as to counts 2 and 3 he personally used, and personally discharged, a firearm, findings as to counts 4 through 7 and 11 a principal personally used, and personally discharged, a firearm, and a finding as to count 11 a principal personally discharged a firearm causing great bodily injury and death. (Pen. Code, §§ 182, subd. (a)(1), 186.22, subd. (b)(1)(C), 187, 245, subds. (d)(1) & (2), 664, subds. (a), (e) & (f), 12021, subd. (a)(1), 12022.53, subds. (b), (c), (d) & (e)(1).) The court sentenced Brown to prison for 85 years, plus two consecutive terms of 25 years to life, plus two consecutive terms of 15 years to life.

Houston appeals from the judgment entered following his conviction by jury on count 1 – conspiracy to murder, two counts of attempted willful, deliberate, and premeditated murder of a peace officer (counts 2 & 3), two counts of assault with a semiautomatic firearm upon a peace officer (counts 4 & 6), two counts of assault with a firearm (counts 5 & 7), and on count 8 – possession of a firearm by a felon, with findings as to each above count appellant committed the offense for the benefit of a criminal street gang, findings as to counts 2 and 3 appellant personally used, and personally discharged, a firearm, and findings as to counts 4 through 7 a principal personally used, and personally discharged, a firearm. (Pen. Code, §§ 182, subd. (a)(1), 186.22, subd. (b)(1)(C), 187, 245, subds. (d)(1) & (2), 664, subds. (a), (e) & (f), 12021, subd. (a)(1), 12022.53, subds. (b), (c), & (e)(1).) The court stated it sentenced Houston to

prison for 88 years to life.  We affirm the judgments in part, reverse them in part, strike certain enhancements, vacate the sentences, and remand for resentencing with directions.

## *FACTUAL SUMMARY*

The evidence, the sufficiency of which is undisputed, established as follows.  On November 25, 2009, appellants were members of the 107th Street clique of the Hoovers gang.  On that date, appellants were together when Brown committed the willful, deliberate, and premeditated gang-related murder of Charles Dwain (count 11) by shooting him.  Hevert Zamora (a paid informant given immunity at trial) provided information to Los Angeles County Sheriff's deputies about the murder, including the fact Houston gave to Brown the .38-caliber revolver Brown used to shoot Dwain.  Zamora testified the murder occurred on Normandie between 104th and 105th, and he denied involvement.

On November 30, 2009, appellants conspired to murder rival gang members (count 1).  Zamora told deputies about the conspiracy.  Los Angeles County Sheriff's Deputy Jorge Juarez testified that about noon on November 30, 2009, he conducted a traffic stop of a black Mercedes at 105th and Vermont because he had been told an occupant possibly possessed a weapon.  Zamora was driving the Mercedes.  A second man, holding a gun, exited the car and fled.  Zamora testified he had a black four-door Mercedes.

On November 30, 2009, Los Angeles County Sheriff's Deputies Ronnie Perez and George Sakabu were told to conduct a traffic stop of a Lincoln.  They saw it about 8:30 p.m. when they were near 106th and Normandie.  The Lincoln eventually stopped at 107th and Normandie.

Appellants exited the Lincoln and engaged in a shootout with the deputies.  Appellants thus committed attempted willful, deliberate, and premeditated murder of Perez (count 2) and Sakabu (count 3), assault with a semiautomatic firearm against Perez (count 4) and Sakabu (count 6), and assault with a firearm against Perez (count 5) and Sakabu (count 7).  Houston and Brown also thus committed possession of a firearm by a felon (counts 8 and 9, respectively).

4

In defense, appellants presented alibis as to the November 25, 2009 murder. As to the November 30, 2009 offenses, Houston testified Zamora was driving a car containing appellants and Davon Lee Williams[1] when deputies stopped it. Williams opened a door, and eventually multiple shots were fired. Houston then exited the car and fled, firing one shot in the direction where shots were being fired. He did not aim but instead was "trying to fend them off long enough" to get behind a van. Brown testified he was at the scene but he denied shooting at deputies.

### ISSUES

Houston claims the trial court (1) erred by excluding evidence of a 911 call and (2) violated his right to due process by excluding said evidence. Appellants claim (1) they could not be convicted on counts 5 and 7 because those counts involved lesser included offenses of counts 4 and 6, respectively, and (2) the terms imposed for appellants' Penal Code section 12022.53 enhancements pertaining to count 1 must be stricken. Brown claims he is entitled to custody credit. In supplemental briefs, Houston claims the trial court made numerous sentencing errors, including on counts 1, 2, and 8, he is entitled to concurrent sentences on counts 1 and 2, and he is entitled to additional custody credit.

### DISCUSSION

1. *The Trial Court Did Not Err as to Houston by Excluding the 911 Call.*

   a. *Pertinent Facts.*

   On March 5, 2012, during trial, Houston filed a motion to admit into evidence a 911 call. Attached to the motion was a call transcript reflecting that at 6:25 p.m. on November 25, 2009, the following occurred. The dispatcher asked what was the caller's emergency and the caller indicated "there was some gun shots." (*Sic*.) The dispatcher asked if the caller saw anything, and the caller replied, "Between 104th and 105th on

---

[1] Williams was a codefendant but is not a party to this appeal. Williams filed a separate appeal (B253754). On May 5, 2015, this court, on its own motion, consolidated Williams's appeal with the present appeal (B243489) for purposes of oral argument and decision, and this court ordered the appeals would keep their separate case numbers.

Normandy." A "second caller" said, "I'm really between 104th and 106th." The "caller" said, "Yeah."

The following then occurred: "Dispatcher: Did you see anybody? Did you hear? How many shots did you hear? [¶] Caller: Yeah we heard two shots and then someone riding in a black car, what kind of car was it? A black car. [¶] Dispatcher: Black car, two doors or four doors do you remember? [¶] Caller: Four doors." After the caller provided information as to which way the black car went, the dispatcher asked if that was all the caller saw and the caller indicated yes.

In the written motion, Houston argued, inter alia, as follows. Zamora, an informant, was the only person identifying the shooter of Dwain, and/or identifying the shooter's accomplices, and Zamora drove a black, four-door Mercedes. The 911 call was admissible to show Zamora was "right there at the scene, as either a witness, and/or a participant, in said homicide." The call was also admissible on the issue of the credibility of Zamora and the investigating deputies, and the call impacted Houston's ability to present his theory of defense. The Evidence Code section 1240 spontaneous statement hearsay exception applied to the call.

During argument at the March 7, 2012 hearing on the motion, the prosecutor argued the spontaneous statement hearsay exception did not apply because the caller's statement was not given under the stress of excitement, there was no evidence where the caller was at the time of the call, and the call occurred late at night when all cars could appear to be dark.

After the court listened to the tape of the 911 call, the court stated, "[i]t will not be admitted for the very following easy reason: [¶] The caller who is talking to the 911 operator has to ask somebody else about what kind of car it was and the color of the car. And so we have two layers of hearsay. [¶] And it was absolutely critical, and I kept replaying that same very critical sentence where in the transcript it reads, 'Yeah, we heard two shots and then someone riding in a black car, what kind of car was it?' [¶] Even the first 'black car,' there is a hesitation by the speaker where the female speaker is clearly inquiring of someone else. [¶] And that explains why she follows up, after that

6

person again reiterates what color of car it was, it is identified as a black car. So it simply is not admissible because 1240 does not permit multiple layers of hearsay in a spontaneous declaration."[2]

     b. *Analysis.*

Houston presents related claims the trial court erred, and violated his right to due process, by excluding the 911 call on the grounds the call was hearsay and the Evidence Code section 1240 spontaneous statement hearsay exception was inapplicable. He argues as discussed in our Introduction. We reject the claims.

Evidence Code section 1240 states, "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception." An appellate court applies an abuse of discretion standard of review to any ruling by a trial court on whether a hearsay exception applies. (*People v. Martinez* (2000) 22 Cal.4th 106, 120.) Moreover, we review the trial court's ruling, not its reasoning. (Cf. *People v. Mason* (1991) 52 Cal.3d 909, 944.)

Fairly read, the record of the March 7, 2012 proceedings reflects the trial court listened to the 911 call and concluded as follows. According to the transcript of the

---

[2] The jury convicted Houston as previously indicated and acquitted him of the murder of Dwain (count 11). Houston later moved for a new trial, in part on the ground the trial court erred by excluding the 911 call. At the September 26, 2012 hearing on the motion, the court stated, inter alia, "This was . . . thoroughly litigated . . . during the trial. I took a very close look at the 911 call. I went back into chambers. I listened to it over and over again. It was extremely clear to me that the information being relayed by the declarant in that 911 call was secondhand information at best. [¶] Consequently, the provisions of Evidence Code 1240 do not permit the admissibility of that representation. . . . We may have multiple . . . layers of hearsay. But clearly the declarant and their reference to a black vehicle did not and was not representing what they personally witnessed." (*Sic*.) The court indicated the hearing on the new trial motion had been continued several times, on each new date the court reviewed the matter, and the court's ruling was "the product of an extraordinary amount of time reflecting on the fairness of Mr. Houston's trial." The trial court denied Houston's new trial motion.

911 call, at one point the caller stated, "Yeah we heard two shots and then someone riding in a *black car*, what kind of car was it? A *black car*." (Italics added.) However, in connection with the caller's first above italicized reference to the black car, the caller hesitated and asked a second person what kind of car it was and its color. The second person replied it was a black car. The caller followed up with the question "what kind of car was it?" The second person reiterated the car was black, and the caller then again identified it as a black car (the second above italicized reference) to the dispatcher. The call involved multiple hearsay.

In sum, after considering the transcript and tape of the call, the trial court concluded that the caller, speaking to the dispatcher, twice referred to the car as a black car, and each such hearsay reference was in turn based on hearsay, i.e., the second person telling the caller the car was a black car.

We also note the call was ambiguous. After the caller indicated there were gunshots, the dispatcher asked if the caller saw anything, and the caller replied, "Between 104th and 105th on Normandy." That vague reply did not make clear whether the quoted location was (1) where the caller was when the caller saw something, (2) where the caller was at the time of the call, (3) where shots were fired, and/or (4) where something else occurred. Moreover, the caller did not clearly indicate when or where gunshots were fired, where the caller was when the caller heard gunshots, or how much time passed from the time the caller heard gunshots to the time of the call. Nor, for that matter, did the caller clearly indicate the relationship between the gunshots and the black car, including, e.g., whether the black car was merely in the vicinity of the gunshots, and/or whether shots were fired from, and/or at, the black car. The trial court later observed the caller was not relating the caller's personal observations.

Similarly, the caller's reply, "Between 104th and 105th on Normandy," did not make clear whether that location was where the second person was at the time of the gunshots, at the time of the call, and/or at some other time, and the call did not clearly indicate where the second person was when the gunshots occurred, and/or how much

8

time passed, if any, from the time the second person heard gunshots to the time of the call.

Accordingly, the court reasonably could have concluded neither the caller's statement to the dispatcher, nor the second person's statements to the caller, purported to narrate, describe, or explain an act, condition, or event—the hearing of gunshots—"perceived by the declarant" within the meaning of Evidence Code section 1240. The trial court also reasonably could have concluded neither the caller's statement to the dispatcher, nor the second person's statements to the caller, were, within the meaning of section 1240, "made spontaneously while the declarant was under the stress of excitement caused" by any such perception.

The trial court did not abuse its discretion by excluding the 911 call as inadmissible hearsay as against the argument the Evidence Code section 1240 hearsay exception applied. That some facts might have suggested the trial court could have ruled differently does not compel a contrary conclusion. Moreover, the application of the ordinary rules of evidence, as here, did not impermissibly infringe on Houston's right to due process. (Cf. *People v. Fudge* (1994) 7 Cal.4th 1075, 1102-1103.)[3]

2. *Appellants' Convictions for Assault with a Firearm (Counts 5 & 7) Were Improper.*

Appellants claim they could not be convicted of assault with a firearm upon Perez (count 5) and assault with a firearm upon Sakabu (count 7), because those offenses were lesser included offenses of assault with a semiautomatic firearm upon Perez (count 4) and assault with a semiautomatic firearm upon Sakabu (count 6), respectively. Appellants are correct (*People v. Martinez* (2012) 208 Cal.App.4th 197, 199) as respondent concedes. We will reverse appellants' convictions on counts 5 and 7 and

---

[3]    Our analysis makes it unnecessary for us to decide whether, even if the trial court erred by excluding evidence of the 911 tape, the error was not prejudicial. Accordingly, we have not presented a detailed recitation of the facts of the offenses to demonstrate any such error was not prejudicial. We note, however, Houston argues the exclusion was prejudicial, in part because "Zamora was the chief witness against appellant in count 1, a conspiracy to commit murder, and count 11, the premeditated murder of Charles Dwain." Houston was acquitted of the murder.

dismiss those counts. (Cf. *People v. Ortiz* (2002) 101 Cal.App.4th 410, 415, 417; *People v. Contreras* (1997) 55 Cal.App.4th 760, 762, 765.) Moreover, as discussed below, we will vacate appellants' sentences and remand for resentencing. (Cf. *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1455-1458.)

3. *The Penal Code Section 12022.53 Enhancements Imposed on Count 1 as to Appellants Must Be Stricken.*

During Brown's August 17, 2012 sentencing hearing, the court stated, "with respect to count 1, the court is imposing . . . a determinate sentence of 20 years to life [*sic*][4] with respect to the gun allegation pursuant to the dictates of [section] 12022.53(c)." Brown claims the Penal Code section 12022.53, subdivision (c) enhancement on count 1 should be stricken. Respondent concedes the issue and we accept the concession. The trial court erred by imposing the enhancement because there was no allegation, admission, or true finding as to a section 12022.53, subdivision (c) enhancement on count 1 as to Brown. (Pen. Code, §§ 1170.1, subd. (e), 12022.53, subd. (j).) Accordingly, we will strike the enhancement.

During Houston's September 26, 2012 sentencing hearing, the court imposed a Penal Code section 12022.53, subdivision (b) enhancement on count 1. Houston, in his opening brief, adopts the content of Brown's brief to the extent it benefits Houston. We therefore address the issue of whether the section 12022.53, subdivision (b) enhancement imposed on count 1 as to Houston must be stricken. Respondent concedes the enhancement must be stricken and we accept the concession. The trial court erred by imposing the enhancement because there was no admission or true finding as to a section 12022.53, subdivision (b) enhancement on count 1 as to Houston. (Pen. Code, §§ 1170.1, subd. (e), 12022.53, subd. (j).) Accordingly, we will strike the enhancement.[5]

---

**4**  A Penal Code section 12022.53, subdivision (c) enhancement is 20 years.

**5**  Respondent's brief, after conceding the trial court should strike the enhancements, raises other alleged sentencing errors as to appellants. Since we are remanding anyway, the trial court, following remand, can deal with these alleged sentencing errors.

10

4. *The Matter Must Be Remanded to Permit the Trial Court to Award Any Appropriate Custody Credit.*

Brown, in his opening brief, claims he is entitled to custody credit. Houston, in his supplemental opening brief, claims he is entitled to additional custody credit. Since we are remanding anyway, we will also remand to permit the trial court to calculate and award any appropriate custody credit.[6]

5. *The Trial Court Committed Additional Sentencing Error as to Houston.*

At one point during the September 26, 2012 sentencing hearing, the court stated, "the appropriate term to impose for Mr. Houston is 88 years to life." Later, the court stated it would "impose 86 years and 8 months." We asked for supplemental letter briefs from Houston and respondent concerning Houston's prison sentence and its components. Having received the supplemental briefs, we note the following.

a. *The Court Committed Sentencing Error on Count 1.*

During sentencing on count 1 as to Houston, the court stated, inter alia, "[t]here is another life term pursuant to the dictates of [Penal Code section] 186.22 ([b])(1)(C)" and later stated, "it is a life term to be imposed." However, Penal Code section 186.22, subdivision (b)(1)(C), does not provide for a life term. Subdivision (b)(1)(C) provides only for a 10-year enhancement. Section 186.22, subdivision (*b*)(*5*) presupposes a life term imposed on the underlying felony. However, section 186.22, subdivision (b)(5) imposes only a 15-year minimum parole eligibility term (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004), not a life term.

---

[6]     In light of the parties' arguments on this issue, and as a matter of guidance to the trial court, we note the following. Absent any other consideration, if a record reflects a defendant has been arrested for an alleged offense, has been remanded to custody after each subsequent court appearance pertaining to the alleged offense, and later has been sentenced for that offense, and there is no evidence the defendant was released from custody during the interim, a court may infer the defendant remained in custody from the date of arrest to the date of sentencing, inclusive. (*People v. Bravo* (1990) 219 Cal.App.3d 729, 731-732, 735.)

In their supplemental briefs, Houston claims, and respondent concedes, the trial court erred by imposing an additional life term on count 1 pursuant to Penal Code section 186.22, subdivision (b)(1)(C). We accept respondent's concession, conclude the trial court so erred, and we will strike said life term.

b. *The Court Committed Sentencing Error on Count 2.*

The court also stated, "As to count 2, the 186.22([b])(1)(C ) will be stayed." The parties concede the trial court erred by staying the Penal Code section 186.22, subdivision (b)(1)(C) enhancement on count 2. We accept the concession. The trial court erred by staying the enhancement, since such an enhancement must be imposed or stricken. (Cf. *People v. Vega* (2013) 214 Cal.App.4th 286, 296-297.) We will reverse the order staying the enhancement.

c. *The Court Committed Sentencing Error on Count 8.*

On count 8 (possession of a firearm by a felon), the trial court initially stated, "The court will be imposing the high term of three years." However, after the prosecutor asked if the court was going to impose count 8 consecutively, the court thanked the prosecutor, then stated, "It should not be. That will reduce it to 86 years, *8 months*." (Italics added.) The parties concede the above italicized eight-month term was an eight-month consecutive subordinate term on count 8.

The parties also concede the trial court stated it stayed sentences on counts 4 through 7. We accept the concession. This means the unstayed sentences were on counts 1, 2, 3, and 8. The sentences on counts 1 through 3 were indeterminate sentences (25 years to life for conspiracy (count 1), 15 years to life for attempted premeditated murder as to each of counts 2 and 3). (*People v. Felix* (2000) 22 Cal.4th 651, 654-655, 659.) The eight-month term on count 8 was a determinate sentence. (*Id.* at pp. 654-655.)

As to indeterminate sentences, "[o]ffenses for which an indeterminate sentence of life imprisonment . . . can be imposed are not subject to [Penal Code section] 1170.1. Consequently there are no principal and subordinate terms to be selected. ([Pen. Code,] § 1168, subd. (b).) The court simply imposes the statutory term of imprisonment for the indeterminate sentence crime, . . ." (*People v. Neely* (2009) 176 Cal.App.4th 787, 798).

12

Moreover, when a trial court imposes a single determinate sentence plus one or more indeterminate sentences, again, none of the sentences are principal or subordinate, and it is error to impose a consecutive subordinate term for the determinate sentence. Instead, the determinate sentence must be a full term. (*People v. Garza* (2003) 107 Cal.App.4th 1081, 1094 (*Garza*).) Because the sentences on counts 1 through 3 were indeterminate, the trial court (as respondent concedes) erred by imposing a consecutive subordinate eight-month term on count 8. We will strike that eight-month term.

d. *Remand for Resentencing is Appropriate.*

In his supplemental brief, Houston asserts he is "unable to determine . . . how [the trial court] computed his aggregate sentence." Respondent similarly asserts "it is not clear what the trial court's total sentence was." Both concede the matter must be remanded for resentencing. (Brown, in his reply brief, does not dispute respondent's claim the trial court committed sentencing errors as to Brown and remand for resentencing is appropriate.) Accordingly, we will remand for resentencing as to both appellants, in part so the trial court can properly sentence appellants in light of parts 2 through 4, and this part, of our Discussion.[7]

Moreover, as a matter of guidance to the trial court, we note the following. The trial court should fully *and separately* dispose of *each* count and its components, *expressly* stating with respect to each whether any prison term and/or enhancement(s) is imposed, stricken, or stayed; whether such disposition is mandatory or discretionary; and whether any term and/or enhancement(s) is to be served concurrently or consecutively, with supporting statutory and/or case authority for *each* above disposition and complying with all applicable sentencing laws (e.g., *People v. Gonzales* (2008) 43 Cal.4th 1118, 1130 [regarding any remaining lesser Penal Code section 12022.53 enhancements];

---

[7] Houston in his supplemental opening brief asserts remand for resentencing is required for multiple reasons not addressed in this opinion. He asserts in a later supplemental letter brief he is entitled to concurrent sentences on counts 1 and 2. The trial court can address those issues following remand.

*People v. Guilford* (1984) 151 Cal.App.3d 406, 411 [regarding staying of enhancements when predicate counts are stayed]).

Further, some of the confusion in this case arose from the fact the trial court, discussing Houston's sentence, repeatedly combined (1) a determinate sentence and (2) minimum terms of indeterminate sentences. The trial court should be mindful "a minimum term is *not* a determinate term. A 'determinate' term is of fixed duration (see generally Pen. Code, § 1170), specifying as it does both an *upper limit* and a lower limit, which is by definition the same. A 'minimum' term, by contrast, is *not* of fixed duration, specifying only a lower limit." (*In re Cervera* (2001) 24 Cal.4th 1073, 1081-1082, second italics added.) When a trial court sentences a defendant to a determinate sentence and an indeterminate sentence, " '[*t*]*hey are to be considered and calculated independently of one another.*' " (*Garza, supra*, 107 Cal.App.4th at p. 1094.)

Further still, as to the sentencing issues, we recommend that the trial court consider the briefs and supplemental briefs in this case, copies of which were mailed to the trial court during these appellate proceedings. The trial court should also confirm the amended sentencing minute order and amended abstract of judgment correctly reflect appellants' new sentences. We express no opinion concerning what appellants' new sentences, or any of their components, should be.

### *DISPOSITION*

The judgment as to Brown is affirmed, except his Penal Code section 12022.53, subdivision (c) enhancement on count 1 is stricken, his two convictions for assault with a firearm (counts 5 and 7) are reversed and counts 5 and 7 are dismissed, his sentence is vacated, and the matter is remanded for resentencing and awarding of any appropriate custody credit, consistent with this opinion.

The judgment as to Houston is affirmed, except his Penal Code section 12022.53, subdivision (b) enhancement on count 1 is stricken, the additional life term that the trial court stated it imposed on count 1 pursuant to Penal Code section 186.22, subdivision (b)(1)(C) is stricken, the trial court's order staying the Penal Code section 186.22, subdivision (b)(1)(C) enhancement on count 2 is reversed, his two

14

convictions for assault with a firearm (counts 5 and 7) are reversed and counts 5 and 7 are dismissed, the trial court's imposition of a consecutive subordinate eight-month term on count 8 is stricken, his sentence is vacated, and the matter is remanded for resentencing and awarding of any appropriate custody credit, consistent with this opinion.  As to each appellant, the trial court is directed to correct its sentencing minute order and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, Acting P. J.

We concur:


ALDRICH, J.



JONES, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.