Filed 1/30/15  P. v. Gutierrez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040806 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1234852, C1242351) |
| v. | |
| ROY GUTIERREZ, | |
| Defendant and Appellant. | |

On March 12, 2013, in case No. C1242351 (hereafter the robbery case) Roy Gutierrez (appellant) pleaded guilty to two counts of second degree robbery.  (Pen. Code, §§ 211, 212.5, subd. (c).)[1]  Appellant admitted that he committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(c)), and that he had suffered a prior strike conviction as a juvenile.

After granting appellant's *Romero* motion[2] to strike the juvenile strike adjudication, on June 7, 2013, the court sentenced appellant to two years in prison, awarded him credit for time served of 282 days and imposed a restitution fine of $240.  The court struck the punishment for the gang allegation.

Subsequently, in case No. C1234852 (hereafter the drug case)[3] while appellant was serving his sentence in the robbery case, appellant asked the court to exercise its

---

[1]     All unspecified section references are to the Penal Code.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3]     Back on June 19, 2012, the Santa Clara County District Attorney had filed a (continued)

discretion under section 1385 to strike his juvenile strike adjudication before sentencing him in his drug case.[4]  On November 20, 2013, the court denied the request.

On January 31, 2014, the court imposed an aggregate term of 44 months for both the drug case and the robbery case.  The court imposed the low term of 16 months for the drug conviction, doubled to 32 months because of the strike.  The court imposed a consecutive sentence of one year on one of the robbery counts (one third the midterm) and a concurrent two-year term on the second robbery count.

Relevant to the issues on appeal, in the drug case, the court awarded appellant 550 days of custody credits—479 actual days and 71 days of conduct credits.  In the robbery case, the court imposed fines and fees ordered by the original sentencing judge in the robbery case, except the court increased the restitution fine and parole revocation fine to $480 each.

On appeal, appellant argues that the court lacked authority to increase the restitution fine and parole revocation fine in the robbery case when the court resentenced him.  Furthermore, he argues that he is entitled to an additional six days of custody credit in the drug case.

*Discussion*[5]

*Increase in Fines*

Relying on California Rules of Court, rule 4.452.3, appellant argues that in resentencing him, the court had no authority to increase the restitution fine and parole

complaint in which the prosecutor charged appellant with possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  The complaint contained the same allegation of a juvenile strike allegation.  On the same day, appellant pleaded guilty as charged and admitted the strike allegation.  The court deferred entry of judgment (DEJ), placed appellant on probation and ordered that appellant complete a drug treatment program.

[4]     The court had declared DEJ a "failure" on October 10, 2012.

[5]     The facts underlying appellant's convictions are not relevant to the issues on appeal.

2

revocation fine to $480 each.  The People counter that appellant has forfeited this claim by failing to raise it in the trial court.

In *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), the defendant challenged a $270.17 booking fee for insufficient evidence.  (*Id*. at p. 592.)  The Third District Court of Appeal affirmed the booking fee order, finding that the defendant had failed to object at the time the fee was imposed and thus had failed to preserve the issue.  (*Ibid*.)  The Supreme Court affirmed the Third District court's reasoning.  The defendant argued that booking fee orders result from the application of " 'an objective legal standard' " akin to orders for involuntary HIV testing under section 1202.1 and *People v. Butler* (2003) 31 Cal.4th 1119.[6]  (*McCullough*, *supra*, at pp. 596-597.)

The Supreme Court disagreed with the defendant's argument in *McCullough*.  The court held "that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal."  (*McCullough*, *supra*, 56 Cal.4th at p. 597.)  The *McCullough* court noted that a "defendant's ability to pay the booking fee . . . does not present a question of law . . . ."  (*Ibid*.)  The court explained, "Defendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.'  [Citation.]  By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' "  (*Ibid*.)  The court concluded that "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of

---

[6]    In *People v. Butler*, *supra*, 31 Cal.4th at page 1123, the Supreme Court considered whether a defendant could appeal involuntary HIV testing orders that he or she had not contemporaneously challenged.  The court held that "a defendant may challenge the sufficiency of the evidence" to support imposition of an involuntary HIV testing order "even in the absence of an objection."  (*Ibid*.)

3

the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Ibid.*)

The People urge us to adopt the Supreme Court's analysis in *McCullough* and apply it to the restitution fine at issue here. This we decline to do.

Importantly, in *McCullough*, in contrasting *People v. Butler*, *supra*, 31 Cal.4th 1119, with the facts before the court, the *McCullough* court noted that its analysis in *Butler* "flowed from . . . recent sentencing forfeiture cases; we would review an appellate challenge not based on a contemporaneous objection *if the trial court had been acting in excess of its authority*." (*McCullough*, *supra*, 56 Cal.4th at p. 595, italics added.)

Here, in the context of resentencing in multiple cases, California Rules of Court, rule 4.452(3) provides, "Discretionary decisions of the judges in the previous cases may not be changed by the judge in the current case." A trial court's decision to fix the *amount* of a restitution fine at a particular level is a discretionary sentencing choice: "The restitution fine shall be set at the discretion of court . . . ." (§ 1202.4, subd. (b)(1).) Thus, the sentencing judge in the combined drug and robbery cases had no authority to alter the amount of the restitution fine that the original sentencing judge in the robbery case had imposed. (*People v. Wiley* (1994) 25 Cal.App.4th 159, 163 [the court has no power to increase a restitution fine imposed as part of the sentence by an earlier court].)

The People argue that even if appellant has not forfeited this issue on appeal, appellant's claim fails because the trial court erroneously calculated the restitution fine at the first sentencing hearing and therefore it was "proper for that amount to be corrected at the subsequent proceeding."

Before taking appellant's plea in the robbery case, the court advised appellant that the court would impose a restitution fund fine; the court stated that it would impose "the minimum not to exceed $260 plus ten percent admin fee." At the first sentencing hearing

in the robbery case, the probation officer recommended that the court impose a restitution fine of $2,880 "under the formula permitted by Penal Code section 1202.4 (b)(2)."[7] However, the probation officer recommended that the court impose a six-year prison term.[8] When the court imposed the restitution fund fine, the court stated that it was ordering "[a] restitution fine of $240 imposed under the formula permitted by Penal Code section 1202.4(B)(2)." The sentencing minutes from the hearing indicate that the court imposed a $240 restitution fund fine.

The People argue that the court's calculation of the restitution fund fine based on the formula was incorrect. The People reason that because appellant was convicted of two counts of robbery and sentenced to two years in prison at his original sentencing hearing, his restitution fine should have been $960 ($240 x 2 x 2). Therefore when the court resentenced appellant on January 31, 2014, the trial court applied the formula in section 1202.4, subdivision (b)(2) correctly and calculated the restitution fine at $480 ($240 x 1 x 2).

The People's position assumes that the court at the first sentencing hearing unequivocally intended to impose a restitution fund fine pursuant to the formula in section 1202.4, subdivision (b)(2). Here, however, the record supports the conclusion that the trial court unequivocally expressed its intent to impose the statutory minimum restitution fund fine—"I'll do the minimum . . . ."; the minimum fine of $240 is reflected in the clerk's minutes and the abstract of judgment from the original sentencing hearing.

---

[7] Section 1202.4, subdivision (b)(2) provides, "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

[8] Thus, taking the minimum fine in effect when appellant committed his crimes in 2012—$240—the probation officer's recommendation was correct. That is, $240 multiplied by six years, multiplied by two counts, equals $2,880.

Given our conclusion that the original restitution fund fine was $240, the court's increase of this fine at the combined sentencing hearing to $480 was unauthorized. Accordingly, we will order that the sentencing minutes and abstract of judgment be corrected to reflect a $240 restitution fund fine and $240 parole revocation fine.

*Custody Credits*

As noted, at the combined sentencing hearing, in the drug case, the court awarded appellant 550 days of custody credits—479 actual days and 71 days of conduct credits.

Appellant points out that in the drug case he was arrested on June 15, 2012 and was released when the court ordered deferred entry of judgment on June 19, 2012—a period of five days. Thus, he argues that for this period of incarceration he is entitled to five days of custody credit in the drug case. Appellant asserts that he was arrested in the robbery case on October 5, 2012, and the court placed a hold on him in the drug case on October 10, 2012. Thereafter he was sentenced on January 31, 2014. Thus, he argues that the five days from October 5 to October 9 were attributable exclusively to his detention in the robbery case. The remaining days from October 10, 2012 through and including January 31, 2014 could be attributed to either the drug case or the robbery case because he was detained in both cases starting on October 10, 2012. Appellant points out that the court exercised its discretion to allocate those credits to the drug case. Appellant argues that he is entitled to an extra six days of credit for the time he spent in custody in the drug case from his initial arrest on June 15 to his release on June 19, 2012. The People agree.

Initially, we note that in general a defendant is required to have the trial court correct a miscalculation in presentence custody credits. (§ 1237.1 [no appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial

6

court].)  However, where, as here, there are other appellate issues to be decided, we may simply resolve the custody credits issue in the interest of judicial economy.  (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427-428.)

The record supports the conclusion that the trial court awarded appellant custody credits in the drug case for his time in custody from the date he was deemed to have unsuccessfully completed the DEJ program to the date of sentencing—October 10, 2012 to January 31, 2014—a period of 479 actual days plus 71 days conduct credit or 550 days of presentence custody credit.[9]  The court failed to award appellant credit for his time in custody from the date of his arrest in the drug case to the date he was released at the time the court ordered DEJ—June 15, 2012 to June 19, 2012—a period of five days.  Adding the five days to the 479 days the court awarded, appellant is entitled to 484 actual days plus 72 days of conduct credit—for a total of 556 days of presentence credit.  We shall order the abstract of judgment amended to reflect this correction.

## *Disposition*

The case is remanded to the lower court to amend the abstract of judgment in case No. C1242351 to reflect a restitution fund fine (§ 1202.4) of $240 and a parole revocation fine (§ 1202.45) in the same amount (suspended unless parole is revoked).  In case No. C1234852 the court is ordered to amend the abstract of judgment to reflect presentence custody credits of 556 days—484 actual days and 72 days of conduct credits.  As so modified the judgment is affirmed.

---

[9]     The court limited appellant's conduct credits to 15 percent pursuant to section 2933.1 because of the robbery conviction.

7

_____

ELIA, J.


WE CONCUR:



_____

RUSHING, P. J.



_____

PREMO, J.




*The People v. Gutierrez*

H040806