Filed 7/17/13  P. v. Tiznado CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO TIZNADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B239027<br>(Super. Ct. No. BA380647)<br>(Los Angeles County) |

Antonio Tiznado appeals from the judgment entered after his conviction by a jury of attempting by force or threat to dissuade a witness from testifying.  (Pen. Code, § 136.1, subd. (c)(1)),[1] second degree robbery (§§ 211, 212.5), and possession of a firearm by a convicted felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)).  The jury found *not* true allegations that appellant had committed the attempted witness dissuasion and robbery offenses for the benefit of a criminal street gang.  (§ 186.22, subd. (b).)  Appellant was sentenced to prison for five years, eight months.

Appellant contends that the evidence is insufficient to show that he had the specific intent required for attempting to dissuade a witness.  He also contends that the

---

[1] All statutory references are to the Penal  Code.

1

trial court erroneously instructed the jury and failed to properly answer the jury's questions. We affirm.

*Facts*[2]

Appellant's brother was charged with the August 2010 murder of Rene Guardado. Sergio Hill was Guardado's friend, and he was present when Guardado was shot. Hill, who was 16 years old, told the police about what he had seen and heard at the time of the shooting. He did not identify appellant's brother as the shooter. On February 24, 2011, Hill testified at the preliminary hearing in the murder case.

In the afternoon on January 23, 2011, one month before the preliminary hearing, Hill was riding his bike when appellant "ran up, and pushed [him] off [the] bike." Hill fell to the ground in the middle of the street. While Hill was on the ground, appellant punched him in the head and said, "[W]hy you snitchin' on my brother[?]" Hill knew that appellant was referring to his brother's murder case. The assault occurred only two blocks away from where Guardado had been shot.

When Hill fell off the bike, his iPod came out of his pocket and landed on the ground. Appellant picked it up and kept it. Hill got back on the bike and rode away. As Hill was leaving, appellant said, "Fuck you and your Dad." Hill believed that appellant was an active member of the Florencia 13 criminal street gang. A gang expert opined that appellant "was at the very minimum an associate if not an active member" of the gang.

*Sufficiency of the Evidence*

To establish the crime of attempting to dissuade a witness, the People were required to prove that appellant had the specific intent to dissuade Hill from testifying. (*People v. Young* (2005) 34 Cal.4th 1149, 1210-1211.) Appellant contends that the evidence is insufficient to support his conviction because it does not show that he had the requisite specific intent. Appellant argues that "any conclusion as to what [his]

---

[2] We omit a summary of the facts concerning the charge of convicted felon in possession of a firearm because they are not relevant to the issues on appeal.

2

objective was would be pure speculation." Appellant acknowledges: "There is ample evidence that the incident was motivated by the fact that Hill had made statements to the police about [appellant's] brother, . . . who was being prosecuted for murder." But appellant maintains that it is reasonable to infer "that his objective was to punish Hill for what he [had] already told the detective investigating his brother's case rather than to induce him not to testify at the preliminary examination."

" 'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] . . . We do not reweigh evidence or reevaluate a witness's credibility.' [Citation.]" (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.)

A reasonable trier of fact could find beyond a reasonable doubt that appellant intended to dissuade Hill from testifying in his brother's murder case. One month before the preliminary hearing, appellant accused Hill of "snitchin" on his brother. A gang expert testified that a "snitch" is someone who talks to the police or testifies in court. The expert continued: "[U]sually snitches are dealt with in a serious manner and it's usually through serious bodily injury." There is a common saying "on the street" that "snitches get put in ditches."

It is therefore reasonable to infer that, by assaulting Hill and calling him a "snitch," appellant intended to intimidate him into not testifying as a prosecution witness in the murder case. Appellant "knew . . . that [Hill] was cooperating with the police, and that he expected [Hill] to testify at [the preliminary hearing and trial] can be reasonably inferred. . . . Thus, jurors could have reasonably inferred that [appellant's] . . . attack on [Hill] reflected his specific intent to intimidate [Hill] from

3

testifying against [appellant's brother] in the future." (*People v. Young*, *supra*, 34 Cal.4th at p. 1211.)

*Jury Instructions*

I

In instructing the jury on the crime of attempting to dissuade a witness from testifying, the trial court gave CALCRIM No. 2622. However, the court omitted the portion of the instruction providing that the People must prove that the defendant knew he was trying to dissuade the witness from testifying "and intended to do so." Appellant argues that the omission of the specific intent element was reversible error.

Our Supreme Court considered a similar situation in *People v. Young*, *supra*, 34 Cal.4th 1149. As an aggravating circumstance during the penalty phase of a death penalty case, the prosecution in *Young* presented evidence that the defendant had committed the crime of attempting to dissuade a witness, Steven Ross, from testifying at trial. After Ross had met with the prosecutor and chief investigator in defendant's case, he was placed in a holding cell in the county jail. About 30 minutes later, the defendant was placed in the same cell. "Ross testified that . . . defendant walked over to him, smiled, and began to punch him in the face. Ross fell to the floor, got up, and ran to the cell door. As he banged on the cell door for help, defendant said, 'You snitched on me and my lawyer had it in black and white and I should have killed you.' " (*Id*., at p. 1207, fn. omitted.)

The trial court in *Young* failed to instruct the jury that the prosecution must prove that the defendant had the specific intent to dissuade Ross from testifying. Our Supreme Court rejected defendant's contention that this was reversible error: "State law error occurring during the penalty phase of a capital case requires reversal of the judgment if there is a reasonable possibility that the jury would have reached a different result if the error had not occurred. [Citation.] . . . [E]vidence of defendant's specific intent to dissuade Ross from testifying at trial was overwhelming. Defendant punched Ross in the face after learning that Ross was cooperating with the police

4

regarding the break-in and murder at the 74th Avenue house. As he punched Ross, defendant told him, 'You snitched on me and my lawyer had it in black and white and I should have killed you.' Defendant's intent to dissuade Ross from testifying at trial is readily inferred from his actions and words. Accordingly, we perceive no reasonable possibility the jury would have rendered a different verdict had the erroneous instruction not been given." (*People v. Young*, *supra*, 34 Cal.4th at pp. 1211-1212.)

The reasoning of *Young* applies here. The omission of the specific intent element from CALCRIM No. 2622 is not reversible error because it was harmless beyond a reasonable doubt. (See *People v. Ortiz* (2002) 101 Cal.App.4th 410, 416 ["if no rational jury could have found the missing element unproven, the error is harmless beyond a reasonable doubt and the conviction stands"].)

## II

Appellant contends that the trial court erroneously failed to instruct the jury that, to convict him of attempting to dissuade Hill from testifying, the People must prove that Hill was a witness. CALCRIM No. 2622 includes this element, but the trial court omitted it from the instruction. The omission was harmless beyond a reasonable doubt. It was undisputed that Hill was a witness to the shooting of Rene Guardado.

*Alleged Failure to Properly Answer the Jury's Questions*

During its deliberations, the jury submitted two written questions to the trial court concerning the robbery charge. The first question stated: "We are confused & conflicted about how to define the word 'intent.' " "Does 'intent' . . . equal the act of robbery, or does the act have to be motivated by intent?"

The court stated to counsel, "I'm not certain there's any way to define intent for them other than to explain that intent means the thought process of the individual at the time of the act." The court asked defense counsel if he "had any thoughts about that." Counsel replied, "No. I think that's probably generically characterized what intent is a measurement of."

5

The second question asked for "clarity around witness Sergio Hill's statement about being 'afraid.' "  The jury noted:  "In another statement that was read to [them]," Hill had "apparently contradicted this statement by saying he was not afraid."  The jury continued: "We are therefore torn about [the robbery element] 'used force or fear to take property. . . .'  How might we resolve apparent contradiction from him?"

The court told counsel that it intended to "simply instruct [the jury] that it's their job to determine what the facts are and to apply the law because there's no way that the court can resolve this issue.  This is a factual issue for a jury to determine."  Both counsel said that they agreed.  The court then declared, "So I'll bring the jury out.  I will instruct them as I indicated on the first question that intent means the thought process of the defendant at the time of the act and refer them back to this [the robbery] instruction as a whole."  Neither party objected.

The court reread to the jury portions of the robbery instruction and said: "The only further explanation I can give to you is that the word [']intent['] means a thought process of the defendant at the time of the act.  So it's up to you [to] determine what you believe his thought process was based upon the totality of the evidence at the time of the act, and that's the best . . . I can do to explain it to you.  [¶]  In regards to your second question asking for some clarity about Sergio Hill's statement about being afraid and conflict in . . . the evidence, that's a factual determination for you as a jury to make as to whether or not at the time of the incident the defendant used force or fear to commit the act."  Again, neither party objected.

Appellant argues that the trial court did not properly respond to the jury's questions.  Appellant "waived the issue by failing to object and by apparently agreeing to the court's response to the jury's questions.  [Citation.]"  (*People v. Turner* (2004) 34 Cal.4th 406, 437; see also *People v. Boyette* (2002) 29 Cal.4th 381, 430 [by failing to object to court's decision not to respond to juror's note, defendant "failed to preserve

the issue for appeal and, indeed, may be held to have given tacit approval of the trial court's decision"]).[3]

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                    YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.

---

   [3] In his reply brief, appellant contends that the trial court's response misinstructed the jury on the elements of robbery. Therefore, appellant argues that the issue has been preserved for appellate review because the court's response affected his substantial rights. "Instructions regarding the elements of the crime affect the substantial rights of the defendant, thus requiring no objection for appellate review. [Citations.]" (*People v. Hillhouse* (2002) 27 Cal.4th 469, 503.) Appellant asserts that the court's response "suggested that the application of force or fear any time during the 'incident' during which [appellant] eventually acquired possession of the complainant's property is sufficient to constitute the crime of robbery, even if at the time [appellant] actually applied force or instilled fear property acquisition was not his objective." The trial court's response made no such suggestion. The court instructed that whether appellant used force or fear to accomplish the taking was a factual matter for the jury's determination.

Ronald H. Rose, Judge

Superior Court County of Los Angeles

_____

Edward Mahler , under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, William N. Frank, Deputy Attorney General, for Plaintiff and Respondent.