Filed 4/6/16  P. v. Saint John CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050749 |
| v. | (Super. Ct. No. 13WF0669) |
| KEVIN SAINT JOHN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

\*            \*            \*

Kevin Saint John was convicted of forcibly raping two women, and the jury found true an allegation that he also kidnapped one of his victims.  He appeals, arguing there was insufficient evidence to sustain the finding of kidnapping.  Specifically, appellant argues that the short distance he moved his victim – only about 11 feet – was not substantial in character, and that moving a victim a very short distance can never amount to asportation for purposes of kidnapping.  The argument is contrary to the very case appellant relies upon, which clearly states that distance alone does not determine asportation.  And here, while the distance appellant forced his victim to move was relatively short, he took her from the entryway of a convenience store's walk-in cooler into an adjacent freezer where he raped her.  By doing that, appellant forced his victim to move from a relatively public area into a significantly more secluded private area where it was unlikely anyone entering the store would realize what was happening.  This movement consequently increased the risk of harm to the victim and decreased the likelihood of detection.  That is sufficient to support a finding of kidnapping.

The judgment is affirmed.

FACTS

In August 2004, appellant entered a convenience store at about 3:00 a.m.  When the female clerk, who was stocking shelves inside the refrigerator, heard the entrance bell ring, she went to the door of the refrigerator to ask if appellant needed anything.  He pointed what the clerk believed was a gun at her, and forced her back into the refrigerator, and then into an adjacent commercial freezer.  The total distance appellant forced the clerk to move was approximately 11 feet.  Once the clerk was in the freezer, appellant forcibly raped her.

In September 2004, appellant raped a different woman, in an incident that is unrelated to the issues raised in this appeal.

2

In May 2014, an information was filed, alleging in count 1 that appellant forcibly raped the first victim (Pen. Code, § 261, subd. (a)(2); all further statutory references are to this code), and alleging in count 2 that appellant forcibly raped the second victim. The information also alleged, in connection with count 1, that for purposes of section 667.61 (the one strike sentencing law), appellant had kidnapped his victim in violation of sections 207, 209 and 209.5. And the information alleged, in connection with both counts, that appellant had committed an offense specified in section 667.61, subdivision (c), against more than one victim. If both of those additional allegations were found true in connection with count 1, the combination would subject appellant to a sentence of 25 years to life on that count of forcible rape. (§ 667.61, subd. (a).) But if only one of those two findings were true, appellant's sentence would be 15 years to life. (§ 667.61, subd. (b).)

The jury found appellant guilty of the forcible rapes alleged in both counts. And it also found true both additional allegations, including the allegation appellant "kidnapped the victim" during the commission of the forcible rape alleged in count 1. Appellant was sentenced to a term of 25 years to life on count 1, and a consecutive 15 years to life on count 2.

DISCUSSION

Appellant's sole contention on appeal is that the evidence is insufficient to support the jury's finding that he kidnapped his victim during the commission of the rape alleged in count 1. If we agreed, appellant would be entitled to have his sentence on count 1 reduced from a term of 25 years to life to a term of 15 years to life. However, we do not.

"When assessing a challenge to the sufficiency of the evidence, the reviewing court must decide whether the record contains substantial evidence such that a

3

reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.]  In applying this test, we review the entire record in the light most favorable to the judgment and presume in its support the existence of every fact the trier could reasonably have deducted from the evidence."  (*People v. Robertson* (2012) 208 Cal.App.4th 965, 982-983.)  "We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence."  (*People v. Shadden* (2001) 93 Cal.App.4th 164, 168.)

Appellant's specific contention is that moving a victim a distance of only 11 feet is too short, as a matter of law, to qualify as "asportation," which is the key element of a kidnapping.  He bases that assertion on *People v. Martinez* (1999) 20 Cal.4th 225 (*Martinez*), in which the Supreme Court stated "that contextual factors, whether singly or in combination, will not suffice to establish asportation if the movement is only a very short distance."  (*Id.* at p. 237.)  However, *Martinez* does not support appellant's position in this case because it addresses the standard for determining asportation in a case of simple kidnapping, which focuses on the *physical movement* of the victim. (*People v. Ortiz* (2002) 101 Cal.App.4th 410, 414.)  The traditional standard in such cases, expressed as whether the victim's movement was ""'"substantial in character,"'""" had been "exclusively dependent on the distance involved."  (*Martinez,* at p. 233.)  But, *Martinez* itself disapproved that pure focus on distance, holding instead that in cases of simple kidnapping, courts must consider "not only the actual distance the victim is moved, but also such factors as whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable attempts to escape and the attacker's enhanced opportunity to commit additional crimes."  (*Id.* at p. 237.) Nonetheless, the court made clear that some significant distance was still required to establish asportation in cases of simple kidnapping, as reflected in the quote appellant relies upon.

By contrast, the standard for asportation in an aggravated kidnapping – referring specifically to a kidnapping carried out "to commit robbery, rape" or other specified offenses (§ 209, subd. (b)(1)) – focuses more on the movement's relationship to the other crime. The standard "requires movement of the victim *that is not merely incidental to the commission of the underlying crime* and that increases the risk of harm to the victim over and above that necessarily present in the underlying crime itself." (*Martinez, supra*, 20 Cal.4th at p. 232, italics added; § 209, subd. (b)(2).) The two elements of this test "are not mutually exclusive, but interrelated." (*People v. Rayford* (1994) 9 Cal.4th 1, 12 (*Rayford*).) And they combine to set a different standard than the one applicable to simple kidnapping. (*People v. Bell* (2009) 179 Cal.App.4th 428, 435.) Significantly, "there is no minimum number of feet a defendant must move a victim in order to satisfy [this test]." (*Rayford,* at p 12.) Because this case involves an aggravated kidnapping, rather than a simple one, the *Martinez* standard has no application and we reject appellant's reliance upon it.

As an alternative, appellant argues that even if a movement of 11 feet were not too short, as a matter of law, to be considered "substantial in character," it must still be deemed so because the contextual factors discussed in *Martinez* do not support such a finding. Again, this argument is based on the standard for simple kidnapping, rather than aggravated kidnapping. However, because appellant also mixes in the elements of asportation for cases of aggravated kidnapping, we will address them briefly.

First, appellant contends there is no substantial evidence that the movement of his victim "was beyond that merely incidental to the rape." But several cases hold that moving a rape victim from a relatively public space to a more private and secluded one, before raping her, is not incidental movement. In *Rayford, supra*, 9 Cal.4th at page 23, the Supreme Court determined that evidence demonstrating the victim "was forcibly moved 105 feet at night from the parking lot of a closed store to the other side of a wall located at the edge of the lot" was sufficient to sustain the necessary findings. (*Ibid.*) As

5

the court explained, the victim "was forced to sit against the wall and beside a small tree, 34 feet from the street. The wall blocked the view of any passersby from the parking lot side, and the tree and the bushes at the end of the wall limited detection of [the victim] from the street." (*Ibid*.) Based on that evidence, the court decided "[t]he jury could reasonably have concluded that [the victim's] forcible movement for this distance and under these circumstances was not merely incidental to the attempted commission of rape, and substantially increased her risk of harm." (*Ibid*.) Similarly, in *People v. Salazar* (1995) 33 Cal.App.4th 341 (*Salazar*), the defendant moved the victim 29 feet from a public walkway through a private motel room and into an even more secluded inner bathroom. This movement was viewed as not merely incidental to the rape because the defendant could have raped her where he found her, without moving her at all. The movement also increased the danger to the victim because in addition to facilitating the crime – which would be more difficult to carry out in such a public area – it *significantly* changed the victim's environment from outdoor and public to indoor and private. Of similar effect is *People v. Shadden* (2001) 93 Cal.App.4th 164, where the victim's movement, though a short distance, took her "from an open area to a closed room," and thus supported the inference that it "changed her environment." (*Id.* at p. 169.)

Appellant's additional assertion on this point, that "shortly after [he] moved [the victim] into the freezer he forced her to bend over a pile made up of bags of ice so he could penetrate her" does not help his position. The fact that these latter movements were brief, and "'natural' to the crime involved," in no way explains why moving her from the doorway of the refrigerator all the way back into the freezer could also be characterized as such.

Appellant also maintains there is no evidence that moving his victim into the freezer increased the risk of harm to her. As explained in *Rayford, supra*, 9 Cal.4th at page 13, "[t]his [determination] includes consideration of such factors as the decreased likelihood of detection, the danger inherent in a victim's foreseeable attempts to escape,

6

and the attacker's enhanced opportunity to commit additional crimes." We need only consider the first factor. Appellant's theory is that because only one person entered the store during the rape – a vendor delivering newspapers – and that vendor allegedly would not have heard the rape even if it had occurred in the refrigerator, appellant's movement of the victim into the freezer did not decrease the likelihood of detection. This assertion borders on the frivolous. First, appellant's argument asks us to consider the facts in the light most favorable to his assertion, which we cannot do. And second, he asks us to compare the rape that actually occurred in the freezer to a theoretical rape otherwise occurring *within the refrigerator*. But appellant did not encounter his victim *inside* the refrigerator; she had come to the doorway to ask him if he needed assistance. Thus, the proper comparison would be to a rape occurring *at the entrance* to the refrigerator. We have no trouble concluding that presents a far greater likelihood of detection than one occurring inside the adjacent freezer.

More fundamentally, we reject appellant's contention because it conflates the *likelihood* of detection – an abstract notion that compares two environments – with the issue of whether someone actually *would have detected* this particular rape at the moment it occurred. Appellant's entire argument is premised on the idea that because the only person who entered the convenience store during the rape did not venture near the refrigerator, there is no evidence the rape *would have been* detected even if he had left his victim where he found her. But if that were the test, proving asportation would be a matter of pure happenstance, and dependent solely upon the actions of third parties: the defendant in *Rayford* could have been found guilty of aggravated kidnapping only if it were established that some third party happened to drive through the "the parking lot of a closed store" from which the victim had been dragged at the time she was being raped (*Rayford, supra*, 9 Cal.4th at p. 23); and the defendant in *Salazar* could have been found guilty only if it were proved someone else had actually walked along the walkway during the exact time he was raping his victim in a nearby bathroom. But that is not the test, nor

7

is it consistent with the analysis of either case.  Rather, the test is whether, *viewed in the abstract*, it is less likely that a rape would be detected if it occurred in the place where the defendant moved his victim.  This case easily meets that test.

DISPOSITION

The judgment is affirmed.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

8