Filed 5/23/23  P. v. Clarke CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELLEN JOHN CLARKE,<br><br>    Defendant and Appellant. | 2d Crim. No. B319821<br>(Super. Ct. No. 21F-08938)<br>(San Luis Obispo County) |

Kellen John Clarke appeals the judgment entered after a jury convicted him of making criminal threats  (Pen. Code,[1] § 422, subd. (a)).  The trial court sentenced him to two years in state prison.  Appellant raises claims of insufficient evidence and prosecutorial misconduct.  We affirm.[2]

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] Appellant also filed an in pro. per. petition for writ of habeas corpus claiming that the trial court erred in denying his

## FACTS AND PROCEDURAL HISTORY

On the night of December 16, 2021, appellant went to a bar in San Luis Obispo. Bar employee Daniel Wandzel recognized appellant from a recent prior occasion when he had been asked to leave the bar due to "aggressive and . . . inappropriate behavior." After Wandzel sold appellant a beer, bar employee Chris Woloch saw appellant "very rapid[ly] . . . walking around the bar."

Appellant was playing pool when another bar patron told Wandzel and Woloch that appellant was acting aggressively and had called the patron's partner "a slut or a skank or something." Woloch approached appellant and told him to leave. As appellant was walking out of the bar, Wandzel could tell he was upset and saw him "throw[] a couple of looks back over his shoulder that definitely caused some concern." Wandzel told Woloch he was going to "go stand out on the patio and keep an eye on that entrance for a couple of minutes" because he "had an uneasy feeling about" appellant and wanted "to make sure that he didn't try to come back in."

About three minutes later, appellant returned and told Wandzel he wanted to go inside to retrieve his phone. Wandzel responded that appellant was not welcome inside the bar and offered to look for his phone. Appellant became aggressive, tried to enter the bar, and said he was going to call the police. Wandzel asked appellant how he was going to call the police without his phone. While keeping one hand in his pocket,

---

motion to dismiss under section 1118.1 and that the verdict was rendered in violation of his constitutional rights. We summarily deny that petition in a separate order filed the same day as this opinion. (See Cal. Rules of Court, rule 8.387(b)(2)(B).)

appellant became "more aggressive" and told Wandzel "I have something for you."

Wandzel told appellant to leave. Appellant walked back to the parking lot and began rummaging through his car. Wandzel subsequently saw appellant walking back toward the bar with a gasoline can in his hand. While making direct eye contact, appellant asked Wandzel "[h]ave you ever been set on fire before" then added, "I'm going to get some gas and I'm going to burn you and this bar down." Wandzel was scared and took the threat seriously.

After appellant began walking toward a nearby gas station, Wandzel told Woloch what had happened and called 911. Wandzel watched appellant fill up the gas can with gasoline and begin walking back toward the bar. Woloch noticed that Wandzel was afraid. Sheriff's deputies arrived as appellant was walking back toward the bar. One of the deputies opened that gas can and observed that it contained gasoline. Wandzel testified that he "was in fear of what [appellant] was capable of doing from the second he walked by with the gas can and . . . felt at ease when the officers arrived."

## DISCUSSION
### *Sufficiency of the Evidence*

Appellant contends the evidence is insufficient to support his conviction. We disagree.

In reviewing claims of insufficient evidence, "we review the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." (*People v. Cole* (2004) 33

3

Cal.4th 1158, 1212.) "We presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Albillar* (2010) 51 Cal.4th 47, 60.) "'A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury's verdict.'" (*People v. Penunuri* (2018) 5 Cal.5th 126, 142.)

"The elements of the crime of making criminal threats are "'(1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat— which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." [Citations.]' [Citation.]" (*In re A.G.* (2020) 58 Cal.App.5th 647, 653-654.)

Appellant challenges only the jury's finding on the fourth prong of the statute, i.e., that his threat to set Wandzel on fire

4

actually caused Wandzel to be in sustained fear for his safety. "Sustained fear" is defined as "a period of time that is more than momentary, fleeting, or transitory." (CALCRIM No. 1300, italics omitted; *People v. Brugman* (2021) 62 Cal.App.5th 608, 634.) The trier of fact may consider all relevant circumstances, including the defendant's actions after making the threat, in determining whether the victim was placed in sustained fear as provided in section 422. (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1013.)

Wandzel testified that he was placed in fear by appellant's threat to "burn [him] and [the] bar down" and that his fear lasted from the time appellant first walked by him with the gas can until the deputies arrived several minutes later. Woloch also testified that Wandzel appeared to be afraid as a result of appellant's threat. This evidence is plainly sufficient to support the finding that Wandzel's fear was more than momentary, fleeting, or transitory, such that appellant's threat caused him to be in sustained fear for his safety.

Appellant's assertions to the contrary essentially disregard the controlling standard of review, which compels us to view the evidence in the light most favorable to the judgment. (*People v. Cole, supra,* 33 Cal.4th at p. 1212.) Appellant also refers us to other cases in which the evidence has been found sufficient to support a finding of sustained fear under section 422. (See, e.g., *People v. Mendoza* (1997) 59 Cal.App.4th 1333; *People v. Ortiz* (2002) 101 Cal.App.4th 410.) But none of those cases purport to establish a minimum threshold for the amount of time that must pass or the factual circumstances that must exist for a jury to find that a victim was placed in sustained fear as contemplated in section 422. *In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1138, in which the appellant had merely threatened to "get" a teacher,

5

is also plainly inapposite.  Here, appellant threatened to set Wandzel on fire and subsequently took steps that led Wandzel to reasonably believe that he was actually going to do so.  Appellant's claim that the evidence is insufficient to support his conviction thus fails.

### *Prosecutorial Misconduct*

For the first time on appeal, appellant also contends that the prosecutor committed misconduct by asking Wandzel whether he was "scared" as result of appellant's threat, and by later asking him to "put a time frame on when [he] truly started feeling afraid to when maybe that fear started to subside."  He claims that both inquiries were improper leading questions as provided in Evidence Code section 767.

Appellant's trial attorney did not object to either of the questions that are now challenged on appeal, nor did he request a curative admonition.  Appellant's claim of prosecutorial misconduct is thus forfeited.  (*People v. Cowan* (2017) 8 Cal.App.5th 1152, 1161.)  We are not persuaded by appellant's assertions that an objection would have been futile and that any harm would not have been cured by an admonition.

In any event, the claim fails.  "'A prosecutor's conduct violates the Fourteenth Amendment to the federal Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process.  Conduct by a prosecutor that does not render a criminal trial fundamentally unfair is prosecutorial misconduct under state law only if it involves the use of deceptive or reprehensible methods to attempt to persuade either the trial court or the jury.' [Citation.]"  (*People v. Gonzalez* (2021) 12 Cal.5th 367, 401.)

"As a general matter, a 'leading question may not be asked of a witness on direct or redirect examination.' [Citation.] ""A "leading question" is a question that suggests to the witness the answer that the examining party desires.' [Citation.] Questions calling for a 'yes' or 'no' answer are not leading unless they are unduly suggestive under the circumstances."' [Citation.] However, "'leading questions are not always impermissible on direct examination.'" [Citation.] The Evidence Code permits their use 'under special circumstances where the interests of justice otherwise require.' [Citation.]" (*People v. Gonzalez, supra,* 12 Cal.5th at p. 401.) For example, leading questions are permissible when they "'serve[] "to stimulate or revive [the witness's] recollection."' [Citation.]" (*Id*. at. pp. 401-402.) Moreover, "[t]rial courts have broad discretion to decide when such special circumstances are present. [Citation.]" (*Id*. at p. 402.)

Appellant fails to demonstrate that either of the prosecutor's challenged questions were leading. Although the question asking whether Wandzel was "scared" called for a "yes or no" answer, it did not unduly suggest a "yes" rather than a "no." In addition, the question was preceded by Wandzel's testimony that he believed he needed to physically defend himself after appellant made the threat against him. And the question asking Wandzel to "put a time frame on" the duration of his fear was not leading at all. In any event, other evidence—which includes Woloch's testimony that Wandzel appeared to suffer prolonged fear as result of appellant's threat—is independently sufficient to support the jury's finding that Wandzel suffered sustained fear as a result of the threat. Appellant's claim of

7

prosecutorial misconduct thus fails for lack of prejudice.  (See *People v. Friend* (2009) 47 Cal.4th 1, 36.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


CODY, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Craig Van Rooyen Judge
Superior Court County of San Luis Obispo

_____

Patricia S. Snyder, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.